STATE *vs.* JOHN HOWLEY, appellant.

Cumberland, 1875.—March 8, 1876.

*Trial. Evidence.*

An officer's return upon a search and seizure warrant, should be read before the jury, as exhibiting what is to be proved, but not as any part of the proof itself, to sustain the prosecution.

A process of search and seizure cannot be maintained, by showing that immediately before the complaint was made, the complainant, who was an officer, attempted to seize liquors, but was prevented by a scuffle with the respondent, during which the liquors were destroyed.

Under R. S., c. 27, § 34, providing for the seizure of liquors, and the vessels containing them, without a warrant, and for keeping them till a warrant can be procured, the liquors and the vessel containing them were destroyed

in a scuffle between the officer and the respondent. *Held,* I. At the trial the return of the officer should be read in the opening, to the jury, but should not be read in evidence. II. The liquors, not having been "kept," the complaint cannot be sustained. III. "Keep" should be construed strictly. The officer, not having kept the liquors, had no right to procure the warrant. The wrongful act of the defendant, preventing him from keeping them would not give him that right.

Exceptions from the superior court.

Search and seizure process under R. S., c. 27, § 34, which provides that intoxicating liquors kept in the state, intended for unlawful sale, and the vessels containing them, may be taken by an officer, and kept a reasonable time, until he can procure a warrant (for search and seizure.) The officer found the liquor in the possession of the defendant, and in the effort to make the seizure, the vessel was destroyed and the liquor spilled. The officer, the next day, made a complaint and procured a warrant (for search and seizure,) on which he arrested the defendant, who was found guilty by the municipal judge of Portland, and appealed to the superior court, where on a trial, the judge against objection, allowed the officer's return on the warrant to be read; and refused to instruct the jury that upon these facts the defendant should be acquitted.

The defendant, the verdict being guilty, excepted.

*C. P. Mattocks & E. W. Fox,* for the defendant.

*C. F. Libby,* county attorney, for the state.

Peters, J. Objection is made, that the officer's return on a search and seizure warrant, was read to the jury. It should be read before them, in the opening, as a part of the statement of the case, but should not be regarded as evidence at all. The officer's return is a part of the allegations to be proved, but is no part of the proof itself. It has the same effect in this process, that a return in replevin has in that process. *State* v. *Stevens,* 47 Maine, 357. *State* v. *Lang,* 63 Maine, on page 215. The case does not show that the return was read "in evidence," or that it was allowed by the court to have that effect; although perhaps the exceptions are not clear as to that.

Upon the other point, we think the exceptions must be sus-

tained.    It seems, the officer undertook to make a seizure without
a warrant, and was prevented from consummating it, by a scuffle
with the respondent, during which the liquor was destroyed.    The
next day a complaint was made, and a warrant obtained, and the
question is, whether, upon this evidence, the complaint can be sus-
tained.    We think not.    The search and seizure statutes are
aimed against a present, and not the past, possession of liquors.
.The person is liable, who, at the date of the complaint, has
liquors, and not the person, who before that time has had them in
his possession, with intent to sell.    There might be other forms of
punishment, but this complaint, upon this evidence, cannot stand.
Section 34, c. 27, R. S., is not applicable.    By that provision an
officer may seize liquors without a warrant ; but in such case he
must "keep" them till a warrant can be obtained ; so that, when a
warrant is procured, the officer can take the liquors thereupon.
The warrant is usable *nunc pro tunc.*    But here the officer had
nothing in his possession for the warrant to retroact upon.    Nor
does section 41, of the same chapter, reach this case.    In that
case, the officer had a warrant.    Here, there was none.

*Exceptions sustained.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN,
JJ., concurred.